## No. 2978.

### WILLIAM O'HERN *v.* A. B. GOULDY et als.

Where the parties who claimed liens under the law granting a privilege to mechanics being cited, to enable them to establish their claims and receive their *pro rata* of the amount deposited, appeared and contested with the plaintiff, it matters not whether some of the parties received a judgment for the whole of their claims or not. An appeal will lie from the judgment.

The plaintiff employed defendant to construct a house for him according to contract. Defendant, before completing the work abandoned it and left the State. Having put defendant *in mora*, plaintiff employed other workmen to complete the job at the expense of defendant. There are various claims by material men for materials furnished to the contractor and used in erecting plaintiff's building, who has instituted this action to avoid a multiplicity of suits and bring together the various claimants *in concursu* for the purpose of having their rights and privileges adjusted, and to have the sum of $527. deposited by him in court distributed *pro rata* among the several parties—said amount being the balance due, as he represents, to the defendant under the contract, and which should go *pro rata* towards paying the material men their claims, for which he alleges that defendant is bound.

This court is satisfied that the claims of certain of the material men in whose favor judgment was given against O'Hern personally, were debts contracted by Gouldy, against whom the bills were made out; that credit was given for the materials to the contractor Gouldy, and not to O'Hern, the owner of the lot. Therefore the alleged promise of plaintiff to pay these claims can not be proved by parol. There is no ground for a personal judgment against the plaintiff for the amount of those claims.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. Cotton & Levy*, for plaintiff and appellant. *C. T. Hufft, H. D. Ogden, C. E. Schmidt, Randolph, Singleton & Browne*, for appellees.

### ON MOTION TO DISMISS.

LUDELING, C. J. In January, 1868, W. O'Hern employed A. B. Gouldy to erect a frame house for him. Gouldy commenced the building and worked until the second installment was paid when he abandoned

the work. O'Hern, having put him in default, completed the building. O'Hern then deposited in court $527, which he alleged was the balance due on the contract with Gouldy, and he cited the parties, who claimed liens under the law granting a privilege to mechanics, to enable them to establish their claims and receive their *pro rata* of the amount deposited. The parties cited appeared and contested with O'Hern, and it matters not whether some of the parties received a judgment for the whole of their claims or not, an appeal will lie from the judgment. 16 An. 252; 15 An. 662; 13 An. 592.

The motion to dismiss is refused.

---

### ON THE MERITS.

TALIAFERRO, J. The plaintiff in January, 1868, engaged the defendant, a builder, to construct a house for him on Camp street, in New Orleans, according to a plan and specifications set forth in a written contract. Defendant, however, before completing the work abandoned it and left the State. The plaintiff having put him *in mora* employed other workmen to complete the job at the expense of defendant. Various suits were instituted against the plaintiff in the Third District Court by material men for material of various kinds furnished by them and used in erecting the plaintiff's building.

The plaintiff it seems instituted this action in the Seventh District Court, as his petition declares, in order to avoid a multiplicity of suits and bring the various claimants into *a concursu*, for the purpose of having their rights and privileges adjusted, and to have the sum of $527, deposited by him in court, distributed *pro rata* among these several parties, that amount being, as he represented, the balance due by him to the defendant Gouldy under the contract, and which should go *pro tanto* towards paying the material men their claims, for which he alleged Gouldy was bound. An order was rendered making the transfer of the various suits from the Third to the Second District Court, and citations were issued to the several parties thus made defendants, who filed separate answers, some averring that the plaintiff himself was bound to them under special agreements; others that the plaintiff and defendant were bound to them *in solido*, and others claimed only privileges on the fund deposited.

A mass of testimony was taken from which the district judge was satisfied that three of the defendants, viz: Mason & Co., F. Zimmerman and G. W. Lyman, had made good their allegations that the plaintiff had bound himself specially for their debts. Judgment was accordingly rendered in their favor, decreeing that the plaintiff should

pay respectively to Mason & Co. $525 81, with legal interest from the twenty-fifth April, 1868 ; to Zimmerman $109, with like interest from the same time; and to Lyman $238, with like interest from the same time. The sum deposited by plaintiff was distributed among the other defendants on the basis of twenty-five per cent. of their respective claims. From this judgment the plaintiff appealed.

We think there is error in the judgment. The creditors, to whom it is shown that O'Hern is personally bound, should have been first required to participate *pro rata* with all the other parties in the fund presented by O'Hern, as the sum owing by him to Gouldy, and to have had judgment against O'Hern for the remainder. The judgment must be corrected in this respect.

It is therefore ordered that in so far as the judgment decrees that the several creditors—Mason & Co., Zimmerman and Lyman—shall recover the entire amount of their respective claims from O'Hern, be annulled, avoided and set aside ; and it is now ordered that said creditors be required first to participate *pro rata* with all the other creditors whose names and the amount of whose claims respectively are set forth in the judgment of the lower court, in the aforesaid fund, on the basis of twenty-five per cent. of their respective claims as fixed by the said judgment, and that they have each judgment personally against O'Hern for the remainder of their claims respectively, with interest on those remainders as specified in the judgment of the lower court.

It is further ordered that the said Mason & Co., Zimmerman and Lyman shall pay out of their respective shares, to be received on the *pro rata* distribution, the costs of clerk and sheriff for petition and citation and service thereof, in like manner as ordered by the lower court against the other creditors; the said plaintiff, O'Hern, to pay the costs of suit, except those herein above-mentioned and referred to; and as thus modified that the judgment of the district court be affirmed, the appellees paying costs of this appeal.

---

## On Rehearing.

WYLY, J. On further examination of the evidence in this case we are satisfied that the claim set up by Mason & Co., Zimmerman, Lyman and Covington, are debts contracted by Gouldy, against whom the bills were made out ; that credit for the materials was given to the contractor Gouldy, and not to O'Hern, the owner of the lot upon which the building was to be erected. Finding, therefore, that the debts set up were owing by Gouldy, the promise of plaintiff to pay them can not be proved by parol. Merz *v.* Labuzan, 23 An. 747; Levy & Dieter *v.* DuBois, 24 An. 309 ; Thompson & Barnes *v.* Pagaud, lately

·decided. There is no ground, therefore, for a personal judgment against the plaintiff for the amount of these claims.

It is therefore ordered that the judgment of this court, rendered in this case on the fifteenth December, 1873,.be amended so as to annul entirely that part of the judgment appealed from, decreeing a personal judgment against the plaintiff in favor of Mason & Co., Zimmerman, Lyman and Covington, and as thus amended it is ordered that our former decree herein remain undisturbed.